# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In THE MATTER OF THE TAX LIABILITIES OF:<br><br>JOHN DOES, United States taxpayers who, at any time during the years ended December 31, 2013, through December 31, 2020, used the services of Panama Offshore Legal Services, including its predecessors, subsidiaries, and associates, to establish, maintain, operate, or control any foreign financial account or other asset; any foreign corporation, company, trust, foundation or other legal entity; or any foreign or domestic financial account or other asset in the name of such foreign entity. | Case No. 20-mc-32 (MJD/TNL)<br><br>**ORDER** |

Michael R. Pahl, United States Department of Justice, Tax Division, PO Box 7238 Ben Franklin Station, Washington, DC 20044 (for the Government).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the Government's *Ex Parte* Petition for Leave to Serve "John Doe" Summons (ECF No. 4). By way of its Petition, the Internal Revenue Service ("IRS") seeks permission to issue and serve an administrative "John Doe" summons on MoneyGram Payment Systems, Inc. ("MoneyGram"). (Pet. at 5; *see also* Fuentes Decl. ¶ 3, ECF No. 6.)

"If the IRS wishes to examine the tax liabilities of unnamed or unknown taxpayers, it may issue a 'John Doe' summons to a third party who possess the information necessary to identify the unnamed taxpayers." *United States v. Barter Sys., Inc.*, 694 F.2d 163, 166 (8th Cir. 1982); *see also United States v. Bisceglia*, 420 U.S. 141 (1975) (holding that 26

1

U.S.C. §§ 7601 and 7602 authorize the issuance of a John Doe summons). After the decision in *Bisceglia*, Congress enacted Section 7609(f), which provides that the following prerequisites must be met before issuing a John Doe summons:

> Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—
>
> (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
>
> (2) there is a reasonable basis for believing that such person or group or class of persons may fail or have failed to comply with any provision of any internal revenue law, and
>
> (3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

26 U.S.C. § 7609(f)(1)-(3). Additionally, the Secretary of the Treasury "shall not issue any summons . . . unless the information sought to be obtained is narrowly tailored to information that pertains to the failure (or potential failure) of the person or group or class of persons . . . to comply with one or more provisions of the internal revenue law which have been identified." *Id.*

As MoneyGram is located in Minneapolis, Minnesota and does business in this state (*see* Fuentes Decl. ¶ 148), this Court has jurisdiction to determine whether to issue a summons under Section 7609(f). *See* 26 U.S.C. § 7609(h). Such determinations "shall be made ex parte and shall be made solely on the petition and supporting affidavits." *Id.*

In support of its Petition, the Government has filed an 88-page declaration from IRS Agent Katy Fuentes, as well as 113 exhibits.  (ECF Nos. 6-15.)  These documents summarize the IRS's investigation into U.S. taxpayers who have used Panama Offshore Legal Services ("POLS"), a Panamanian firm that assists clients in concealing their beneficial ownership of assets.[1]  Specifically, the aim of this investigation is to identify U.S. taxpayers who are evading their tax obligations by using POLS to "conceal their beneficial ownership of foreign, and sometimes domestic, financial accounts and assets" in violation of the Internal Revenue Code.  (*See* Mem. in Supp. of Pet. at 4-7.)  The IRS is now "seeking information through the MoneyGram Summons that will allow it to identify U.S. taxpayer-clients of the POLS Group who have not disclosed the existence of their Panamanian entities and accounts and who have failed to report related income."  (*Id.* at 13.)  The Court finds that the Petition and supporting documents demonstrate that the Government has met its burden for the issuance of a John Doe summons under Section 7609(f).

First, the investigation concerns an ascertainable group of people.  *See* 26 U.S.C. § 7609(f)(1).  The proposed summons to MoneyGram seeks information on the following class of persons:

> United States taxpayers who, at any time during the years ended December 31, 2013, through December 31, 2020, used the services of Panama Offshore Legal Services, including its predecessors, subsidiaries, and associates, to establish, maintain, operate, or control any foreign corporation, company, trust, foundation or other legal entity; or any foreign

---

[1] In addition, there are a number of other entities and websites that the IRS has identified that appear to be connected to POLS.  (*See* Fuentes Decl. ¶ 42.)  The Government identifies these entities collectively as the "POLS Group" (*See* Mem. in Supp. of Pet. at 2, ECF No. 5.)

3

>or domestic financial account or other asset in the name of such foreign entity.

(Ex. A to Fuentes Decl., ECF No. 7-1; *see also* Fuentes Decl. ¶¶ 2, 151.) Here, the Government has limited the proposed summons to include only those U.S. individuals who used the POLS Group's services to establish and maintain foreign accounts and entities during certain years.

Second, the Government has provided sufficient information showing that there is a reasonable basis for believing that U.S. individuals utilizing the services of the POLS Group may fail or have failed to comply with any provision of any internal revenue law. *See* 26 U.S.C. § 7609(f)(2). The details that the Government has provided on the IRS's investigation thus far demonstrates that it is not engaging in a fishing expedition, which was the purpose of the enactment of Section 7609(f). *See Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 320-21 (1985); *see also In re Tax Liabs. of Does*, 671 F.2d 977, 980 (6th Cir. 1982) (finding that Congress did not intend "to require the IRS to produce conclusive evidence of an actual tax violation as a prerequisite to obtaining a John Doe summons" and instead only intended "to prevent the [IRS] from exercising its summons power in an arbitrary or quixotic manner.").

Fuentes' Declaration and the supporting exhibits show the breadth of the IRS's investigation into the POLS Group. This includes general information on the IRS's numerous investigations into and experience with offshore tax avoidance (*see* Fuentes Decl. ¶¶ 8-23, 105), as well as more specific information on the IRS's investigation into POLS and the POLS Group. (*See id.* ¶¶ 41-150.) For example, the Government has

provided evidence that the POLS Group markets its services to U.S. taxpayers, offers services related to anonymous banking and the establishment of offshore accounts, and advertises other services to assist clients in concealing their beneficial ownership of assets. (*Id.* ¶¶ 50-55.)  As a whole, the evidence before the Court suggests that U.S. individuals utilizing the services of the POLS Group are doing so to evade reporting requirements and payment of their income taxes.  Thus, there is a reasonable basis to believe that this class of persons has or will fail to comply with internal revenue laws.  *See* 26 U.S.C. § 7609(f)(2).

Third, the information sought on those utilizing the services of the POLS Group, including their identities, is not readily available from other sources.  *See id.* § 7609(f)(3). The advertisements that the POLS Group's aims to provide anonymity (*see, e.g.*, Fuentes Decl. ¶ 50) to its clients demonstrates this point.  (*See also id.* ¶ 100 ("Because the [IRS] does not know the identities of those in the John Doe class, the [IRS] cannot yet audit these U.S. taxpayers' income tax returns to determine whether they reported their income held in offshore accounts and reported the existence of offshore entities.").)

The three statutory prerequisites met, the Court also finds that the information sought from the proposed summons is narrowly tailored to information that pertains to the failure or potential failure of the class to comply with internal revenue laws.  *See* 26 U.S.C. § 7609(f).  The Government has provided evidence that the POLS Group accepts payments for its services via wire transfer from MoneyGram, international money order, or a U.S. dollar-denominated check and that POLS Group customers are directed to make payments through MoneyGram.  (Fuentes Decl. ¶¶ 58, 80, 90, 144, 149.)  The language of the proposed summons narrowly tailored, requesting records of transfers where (1) a POLS

5

Group associate was a party otherwise identified with respect to the transfer; and (2) the sender or recipient was in the United States. (*See* Ex. A to Fuentes Decl.)

Because the Government has met its burden to demonstrate that a John Doe summons should issue, the Court will grant the Petition. Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The *Ex Parte* Petition for Leave to Serve "John Doe" Summons (ECF No. 4) is **GRANTED**.

2. The IRS, through Revenue Agent Katy Fuentes or any other authorized officer or agent, may serve an IRS "John Doe" summons upon MoneyGram Payment Systems, Inc., in substantially the form as attached as Exhibit A to the Declaration of Katy Fuentes. (ECF No. 7-1.)

3. A copy of this Order shall be served together with the summons.

[continued on next page]

4.     Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; and/or any other relief that this Court may from time to time deem appropriate.

Date: September  2 , 2021                    *s/Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota

                                             *In the Matter of the Tax Liabilities of Does*
                                             Case No. 21-mc-32 (MJD/TNL)